# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 01-30058
Summary Calendar

_____


JOHNNY BYONE,
INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED;
JOHNNY ODOM,
INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED,

Plaintiffs-Appellants,

VERSUS

MONSANTO COMPANY; ET AL.,

Defendants,

MONSANTO COMPANY; ASGROW SEED COMPANY; SF SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

August 6, 2001

Before JOLLY, SMITH, and BENAVIDES,
    Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.

Louisiana farmers Johnny Byone and Johnny Odom purchased and grew Roundup Ready® brand soybeans during 1997 and 1998. Experiencing lower yields than anticipated, they sued the developer of this strain of soybean, Monsanto Company, and

_____

[*](...continued)
47.5.4.

two seed companies, Asgrow Seed Company and SF Services, who sold them the beans. The district court granted summary judgment to the defendants. Finding no error, we affirm, essentially for the reasons given by the district court in its comprehensive ruling entered on December 13, 2000.

## I.

Monsanto Company genetically engineered the Roundup Ready® soybean to resist the effects of Roundup brand herbicide so that farmers could spray to control weeds without harming their crop. Byone and Odom admit that the soybeans withstood the herbicide as expected, but they contend that despite assurances of "maximum yield potential" and "no reduction in yield potential," the Roundup Ready® plants produced fewer soybeans than did the other brands they planted simultaneously. Byone and Odom claim that such advertising fraudulently misrepresented the performance of these seeds. We have reviewed the record, and we conclude that the court correctly entered summary judgment.

## II.

Byone's and Odom's fraud claim for the 1997 crop is time-barred. A one-year statute of limitations applies to delictual actions such as tortious or negligent misrepresentation. *See* LA. CIV. CODE ANN. arts. 3447, 3492 (West 2001). Under Louisiana law, when a plaintiff cannot reasonably know of the cause of action, the doctrine of *contra non valentum* tolls this period until the plaintiff has information sufficient to prompt further inquiry. *See El-dredge v. Martin Marietta Corp.,* 207 F.3d 737, 742 (5th Cir. 1992). Assuming *arguendo* that the doctrine applies here, the latest time at which Byone and Odom could have had such information was when they harvested their 1997 crop; they did not sue until July 1999.

Even if their claim were not time-barred, their claim is without merit, as we will explain.

## III.

Although Byone and Odom's fraud claim for the 1998 crop is timely, they cannot prevail. First, they point us to no actual promise or guarantee of a high yield; they present only scientific data and farmers' testimony suggesting that Roundup Ready® seeds have equal yield *potential* to that of other soybean varieties. Second, even assuming that these sophisticated soybean producers justifiably relied on some ephemeral promise in the advertisements, only misstatements concerning past or present facts are actionable as fraud under Louisiana law. *See America's Favorite Chicken v. Cajun Enters., Inc.,* 130 F.3d 180, 186 (5th Cir. 1997).[1] Finally, Asgrow's seed bags carried a disclaimer noting that Asgrow provided no guarantee "of crop yield or freedom from seed borne diseases."

AFFIRMED.

---

[1] In *America's Favorite Chicken,* an analogous suit against a franchiser for fraudulent misrepresentation of sales potential, we construed this proposition broadly. The franchiser provided projected sales figures and promised that if the purchasers ran the store properly, sales definitely would increase. We concluded that even this promise was not actionable. *America's Favorite Chicken,* 130 F.3d at 186.